## Hoffman v. Arnold, et al.

(Decided March 4, 1919.)

### Appeal from Bullitt Circuit Court.

1. Pleading—Exhibits.—Where the allegations of a pleading are in conflict with an exhibit attached to it, and upon which the pleading is founded, the exhibit controls.

2. Pleading—Demurrer.—A petition which shows the plaintiff's right of recovery depends upon the non-performance or failure of a named contingency, must negative the contingency and show the absolute right of the plaintiff, else the pleading is demurrable.

3. Wills—Construction.—A will which bequeaths the whole of the estate, not otherwise disposed of, to C, in case the mother of a named child will not surrender the child into the custody of another person, disposes of the whole estate of the testator, and a house and lot owned by him passes under the will, and is not undevised.

HENRY J. TILFORD for appellant.

CHARLES C. CARROLL for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On November 11, 1907, J. A. Hoffman died testate, the owner of considerable real and personal property, of which a certain house and lot, in the city of Shepherdsville, is the sole subject of this litigation. He had been married twice; a son, Roger A. Hoffman, by his first and divorced wife, and Essell Hoffman, a daughter by the second wife, survive, and are parties to this action. The house and lot in dispute were held and occupied by the widow after the death of Hoffman until the 26th day of May, 1908, when she and Kate Connell, a devisee mentioned in the will, by deed conveyed said property to appellee Arnold. The widow having since died, appellant, Essell Hoffman, instituted this action in equity in the Bullitt circuit court against Arnold, joining her brother, Rodger A. Hoffman, as defendant, to recover said house and lot for herself and brother on the grounds that said property was undevised estate of her father, J. W. Hoffman, which his heirs at law, she being one, were and are entitled to take. If it were undivised estate appellant, Essell Hoffman, was and is entitled to a one-half undivided interest therein, and the other moiety passed to appellee, Rodger A. Hoff-

man, on the death of the widow. All this depends upon the construction of the will and codicil of J. A. Hoffman, the material parts of which are as follows:

"Shepherdsville, Ky., May 10, 1896.

"Be it known to whomsoever, that the following is the manner, way and condition I dispose of all my property of whatsoever, money, notes and accounts included, to take effect at and after my death, viz.:

"First. To my two half-brothers and two half-sisters (of which I know but little) and their heirs at law one cent each.

"Second. To my two aunts, M. J. McKee and J. F. Evans and their heirs at law one cent each. To my two uncles, G. W. Anderson and D. L. Anderson, and their heirs at law, one cent each.

"Third. To Roger Hoffman, the son of my divorced wife, Emma D. Hoffman (maiden name Emma D. Anderson) but now or the last time heard from, Emma D. Patterson) one cent. If he has any legal children to each of them one cent.

"Fourth. To my uncle and aunt, John Hoffman and Bettie Hoffman and their brothers and sisters and all the heirs at law each of them—I know not how many there are of the first nor second, not having been among them since a boy—one cent each.

"Fifth. To my wife (illegal I hold her to be and never agreed with her nor any other person to have the suit against her dismissed, nor gave my consent to have it dismissed, but told my attorney, F. P. Straus, not to have it dismissed) Myra Bell Hoffman, one cent, if the courts hold her to be my legal wife and entitled to heir of my estate as such, so mote it be, but such a construction is not to operate against any other part of my will not inconsistent with such construction, if from any cause or by whatever means she heirs a greater portion of my estate, then her child, Essell, the only child born to her since our marriage Jan. 9th, 1895, shall have only one cent of my estate.

"Sixth. Not being satisfied and very greatly doubting that Essell, the daughter of Bell Hoffman, above spoken of, is the fruit of our marriage (be it legal or illegal marriage) I give to her only one cent. However, when she (Essell) arrives at the age of five years, if she has any resemblance of me that would warrant three honorable, respectable trustworthy gentlemen of good

judgment who are not my enemies and at no period of their existence have been and who are friends of Wm. Bryant family or any part of the family, in saying under oath, that beyond any doubt they believe her (Essell) to be a child of my blood, then she is to have my entire estate, but the gift is subject to the condition as expressed in the fifth paragraph of this will. Whatever part of my estate Essell, the daughter of Myra Bell Hoffman, born about Oct. 5, 1895, may heir as given by will or determined for her by the court is to be kept for her by some friends of mine or some trust company and no part of the principal or proceeds or interest is to be expended for any purpose except for the absolute necessity occasioned by sickness unless she is under the absolute control and training and rearing of some other person than her mother or any one kin to her mother. When she is 21 years old whatever part of my estate, together with the interest and proceeds thereof she heirs is hers to do as she pleases to do with but should she die without heirs of her body (child) whatever she has obtained from my estate, not necessarily expended after her burial expenses are paid, I desire and will to give to Kate Connell of Shepherdsville, Ky.

"Seventh. I desire and will and am extremely anxious about it, that when Essell (the child spoken of in this will) arrives at the age of 2 years old that the court appoint some good person of good habits, morals and disposition and not a Catholic and who will not teach her any religion except common sense and marality and honesty and no kin to her mother (they are all too ill-bred people to properly train a child) to take her and do by her as the part of my estate given her will admit of.

"Eighth. If her mother (Essell's mother Bell) will not give her up and there is no way of getting her (Essell) from under her (Bell) control or any of her heirs (Bell's kin) then the whole of my estate not disposed of by court as spoken of, or any other way disposed of by court or myself to brothers and sisters and their heirs at law, uncle and aunts and their heirs at law, Roger Hoffman and his heirs at law, his mother, Emma D. Patterson, I will and bequeath to Kate Connell of Shepherdsville, Ky."

"Shepherdsville, Ky., Aug. 13, 1903.

"(Codicil)

"1. I, J. A. Hoffman, having become fully satisfied in regards to Essell, the daughter of Myra Bell Kendall, alias Hoffman, I will and bequeath to her one cent only of my estate and under no condition whatever is she to have any part of my estate."

A general demurrer by appellee Arnold was sustained to the petition, and appellant, Essell Hoffman, declining to amend or further plead, the petition was dismissed by the trial court, and she prosecutes this appeal.

In order to determine whether the petition presented a cause of action which entitled appellant, Essell Hoffman, to the relief she sought, or any relief, it is necessary to examine the will and codicil of J. A. Hoffman, which she attached to her petition as an exhibit. Appellant's contention is that her father, J. A. Hoffman, died intestate as to the house and lot described in the petition and that she, as his daughter and one of two heirs, inherits a one-half undivided interest in and to the same, and on the death of the widow, her mother, appellant was entitled to immediate possession, despite the attempted sale and conveyance of the property by the widow and Kate Connell, a devisee, to appellee Arnold; that the widow had only a life estate which ended at her death on the 22nd day of March, 1917, and Kate Connell took no interest whatever in said property under the will, because, as appellant contends, the devises to Kate Connell were all conditioned upon appellant first taking, and since the codicil wholly deprived appellant of an interest in the estate, under the will the devise to Kate Connell being contingent upon appellant first taking, must necessarily fail, thus leaving the house and lot as undevised property of the estate of her father. She bases her claim to the property upon the well established principle that "although the intention to disinherit the heir be ever so apparent, he must, of course, inherit, unless the estate is given to somebody else; and the reason is, that the law provides how a man's estate at his death shall go, unless he, by his will, plainly directs that it shall be disposed of differently." Denn v. Gaskin Cowp. 657; Todd, etc. v. Gentry, 109 Ky. 704; Coffman v. Coffman, 85 Va. 459, 2 L. R. A. 848.

Appellant does not claim under the will, but acknowledging that by the codicil she is disinherited, seeks only as an heir to recover the property in question as a part of the undevised estate of the testator.

Did the property in question pass under the will to Kate Connell? If it did not, then appellant takes as heir. The codicil of August 13, 1903, copied above, fixes beyond question the interest of appellant in the devised estate of her father. By that instrument she could have but one cent. The right of an heir to undevised property is not questioned by appellees in this controversy. But they insist that Hoffman disposed of his entire estate by his will and codicil. To sustain this contention appellees call attention to the first three lines of the will, which read: "Be it known to whomsoever, that the following is the manner, way and condition I dispose of *all* my property of whatsoever kind, money, notes and accounts included," and insist that this language imports a purpose and intention on the part of the testator to pass all his estate, both real and personal, of every character and kind, by his will and the codicil thereto. By items 1, 2, 3 and 4 of the will, the testator devised to his half-brothers and sisters, uncles and aunts, and to his son Roger A. Hoffman, and their legal heirs, one cent each. By the fifth item he gave to his wife, Mary Bell Hoffman, one cent, with this provision: "If the courts hold her to be my legal wife and entitled to heir of my estate as such, . . . if by any cause or by whatever means she heirs a greater portion of my estate, then her child Essell, the only child born to her since our marriage, Jan. 9, 1895, shall have only one cent of my estate. The sixth and seventh items do not appear to be of controlling influence in the determination of this controversy, and we shall pass them over. Item eight of the will, omitting the parenthetical clause and explanatory statements, is in substance as follows: "If Essell's mother will not give her up, then the whole of my estate, not otherwise disposed of, I will and bequeath to Kate Connell, of Shepherdsville, Ky." When this item is read in connection with the first paragraph of the codicil of August 13, 1903, copied above, which, when brought to its final analysis, is, "I will and bequeath to Essell one cent only of my estate, and under no condition whatever is she to have any part of my estate," the rights of appellant are immutably fixed.

The devise to Kate Connell, under item eight of the will, was not made to depend upon appellant first taking, but on the contrary Kate Connell was to take the entire estate if Essell did not qualify as provided in the will. Kate Connell was devised the residue of the estate after the payment of the few legacies of one cent each, set forth in items 1, 2, 3, 4 and 5 of the will, on condition that appellant, Essell Hoffman, did not come within the provisions of the will. The testator, however, having become satisfied concerning the parentage of Essell, by a codicil fixed her share at one cent and forever shut her out as a contingent devisee under item eight of the will, thus leaving Kate Connell to take all the rest and residue of the estate.

Whether this is the construction placed upon the will by the trial court or not, the conclusion reached by that tribunal was eminently correct, because the petition, while setting forth the conditions of the will and especially that in items seven and eight, to the effect that "in the event plaintiff's mother, the said Mary Belle Hoffman, should not surrender the custody and control of this plaintiff to some person to be appointed by the court, then the whole of testator's estate, not otherwise disposed of, should pass to and become the property of said Kate Connell," did not negative the exceptions and conditions therein pleaded. As Essell could not take the estate, unless her mother surrendered her to another, her surrender was a condition precedent. The devise was to Kate Connell of the residue of the estate, if Essell did not qualify, The eighth clause of the will does not confer the estate upon Essell, but provides for its distribution in case Essell's mother will not give her up. Having alleged a condition precedent in the petition, it was incumbent upon appellant, as plaintiff below, to show by pleading that Kate Connell did not come within the exception and take the whole estate. Secs. 316b, 553 and 554, 3rd edition, Newman's Pleading and Practice.

The averments in the petition do not show that Kate Connell does not fall within one of the exceptions which would defeat appellant's right to the property. It was incumbent upon appellant to aver facts showing her right as heir, jointly with her brother to the property, absolutely and not a mere possibility which was subject to be defeated by a named contingency which, so far as the pleading shows, happened. On demurrer a

pleading is construed strongest against the pleader, and when the petition in this case is so construed, it does not state a cause of action. The general demurrer, therefore, was properly sustained.

Judgment affirmed.